UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*Attorneys for Defendant*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
ATTORNEYS OF RECORD:
    DAVID S. GREENHAUS
    ALEX VILLANELLA

-----------------------------------------------------------x

MARC MARCUS,

                Plaintiff,

      -against-                          15 CV 0656 (SJF)(GRB)

LEVITON MANUFACTURING
COMPANY, INC., JOHN DOE #1-5 and
XYZ CORP. #1-5

                Defendants.

-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL OF THE COMPLAINT

                        JACKSON LEWIS P.C.
                        *ATTORNEYS FOR DEFENDANT*
                        58 South Service Road, Suite 250
                        Melville, New York 11747
                        (631) 247-0404

Attorneys of Record:
    David S. Greenhaus, Esq.
    Alex Villanella, Esq.

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ..................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................. 2

ARGUMENT ...................................................................................... 3

POINT I ........................................................................................... 3

    STANDARD OF REVIEW ....................................................................... 3

POINT II .......................................................................................... 5

    THE COURT SHOULD DISMISS THE FIRST AND FOURTH CAUSES OF ACTION
    FOR AGE DISCRIMINATION AND THE THIRD CAUSE OF ACTION FOR
    RETALIATION BECAUSE THEY FAIL TO SATISFY IQBAL AND TWOMBLY ..... 5

        A.    The Allegations In The Complaint Fail To State A Claim For Age
                Discrimination.............................................................................. 6

                1.   Plaintiff's Allegations That Leviton Terminated His Employment Because
                     Of His Age Are Formulaic And Conclusory And Should Be Dismissed ........ 6

                2.   Plaintiff Fails To Allege That He Is A Member Of the Class Of Employees
                     Protected By The ADEA Or The Human Rights Law...................................... 9

        B.    The Allegations In The Complaint Also Fails To Plausibly State A Claim For
                Retaliation.................................................................................... 9

                1.   Plaintiff Fails To Plead He Engaged In Protected Activity. ........................... 10

                     a.   Plaintiff Fails To Plead He Engaged In Protected Activity Under The
                          ADEA ............................................................................... 10

                     b.   Plaintiff Fails To Plead He Engaged In Protected Activity Under Title VII
                          Or The Human Rights Law.................................................................. 11

                  2.   Plaintiff Fails To Adequately Plead That Leviton Was Aware Of His Alleged
                     Protected Activity ........................................................................... 13

                  3.   Plaintiff Fails To Adequately Plead That A Causal Connection Exists Between
                     His Alleged Protected Activity And His Termination..................................... 14

POINT III ............................................................................................................. 15

    EVEN IF THE COURT FINDS PLAINTIFF PLAUSIBLY DOES ALLEGE A
    RETALIATION CLAIM, THE COURT NEVERTHELESS SHOULD DISMISS THE
    THIRD CAUSE OF ACTION  BECAUSE PLAINTIFF FAILED TO EXHAUST HIS
    ADMINISTRATIVE REMEDIES ............................................................................ 15

        A.    A Claim Must Be "Reasonably Related" To Claims Raised In An EEOC Charge
            In Order For A Plaintiff To Have Exhausted His Administrative Remedies ....... 15

        B.    Plaintiff's Cause Of Action For Retaliation is Not Reasonably Related To Any
            Claim Made Before The EEOC. ........................................................................ 17

POINT IV ............................................................................................................ 18

THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR
BREACH OF CONTRACT ..................................................................................... 18

CONCLUSION .................................................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

Abdu-Brisson v. Delta Air Lines, Inc.,
239 F.3d 456 (2d Cir. 2001)................................................................6, 8

Arista Records, LLC v. Doe 3,
604 F.3d 110 (2d Cir. 2010)................................................................7

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009) ........................................................... passim

Aspilaire v. Wyeth Pharms., Inc.,
612 F.Supp.2d 289 (S.D.N.Y. 2009)................................................11

Baron v. Port Auth. of N.Y. & N.J.,
271 F.3d 81 (2d Cir. 2001)................................................................21

Bartenbach v. Board of Trustees of Nassau Library Sys.,
657 N.Y.S.2d 200 (2d Dept. 1997) ..................................................19

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007).............................................................. passim

Brass v. American Film Technologies, Inc.,
987 F.2d 142,150 (2d Cir. 1993)......................................................16

Bucalo v. Shelter Island Union Free Sch. Dist.,
691 F.3d 119 (2d Cir. 2012)................................................................9

Butts v. City of New York Dep't of Hous. Pres. & Dev.,
990 F.2d 1397 (2d Cir. 1993)......................................................15, 16

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002)..............................................................16

Cortec Industries, Inc. v Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991)................................................................16

De Petris v. Union Settlement Ass'n,
86 N.Y.2d 406 (1995) .......................................................................19

Deravin v. Kerik,
335 F.3d 195 (2d Cir. 2003)..............................................................16

Doroz v. Columbia Place Assocs. LLC,
    2014 U.S. Dist. LEXIS 153128 (N.D.N.Y Oct. 29, 2014) ......................................................9

Drew v. Plaza Construction Corp.,
    2010 U.S. Dist. LEXIS 8699 (S.D.N.Y. Jan. 28, 2010).........................................................4

Fagan v. U.S. Carpet Installation, Inc.,
    770 F. Supp. 2d 490 (E.D.N.Y. 2011) ...................................................................................7

Garay v. Novartis Pharms., Corp.,
    2013 U.S. Dist. LEXIS 125551 (E.D.N.Y. Sept. 3, 2013)..............................................10, 11

Gorokhovsky v. City of New York,
    2011 U.S. Dist. LEXIS 54941 (S.D.N.Y. May 19, 2011)......................................................8

Gross v. FBL Fin'l Servs., Inc.,
    557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009) ....................................................6

Hicks v. Baines,
    593 F.3d 159 (2d Cir. 2010).................................................................................................11

Holmes v. Air Line Pilots Ass'n, Int'l,
    745 F. Supp. 2d 176 (E.D.N.Y. 2010) ..................................................................................5

Holowecki v. Fed. Express Corp.,
    644 F.Supp.2d 338 (S.D.N.Y. 2009).....................................................................................8

Holtz v. Rockefeller & Co.,
    258 F.3d 62 (2d Cir. 2001)...................................................................................................15

Horn v. N.Y. Times,
    100 N.Y.2d 85 (2003) .........................................................................................................18

Jain v. McGraw-Hill Cos.,
    827 F. Supp. 2d 272 (S.D.N.Y. 2011)..................................................................................21

Kassner v. 2nd Ave. Delicatessen Inc.,
    496 F.3d 229 (2d Cir. 2007).................................................................................................10

Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,
    274 F.3d 683 (2d Cir. 2001).................................................................................................15

Lobosco v. N.Y. Tel. Company/NYNEX,
    96 N.Y.2d 312 (2001) .........................................................................................................21

Majeed v. ADF Cos.,
    2013 U.S. Dist. LEXIS 23958 (E.D.N.Y. Feb. 20, 2013)..............................................13, 14

Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,
    842 F.2d 590 (2d Cir. 1988)...................................................................12

McNamara v. AP,
    40 F. Supp. 3d 345 (S.D.N.Y. 2014).....................................................12

Moberly v. Midcontinent Commun.,
    711 F. Supp. 2d 1028 (D.S.D. 2010) .....................................................13

Muhammad v. N.Y. City Transit Auth.,
    450 F. Supp.2d 198 (E.D.N.Y. 2006) .....................................................17

Murphy v. Am. Home Prods. Corp.,
    58 N.Y.2d 685 (1998) .............................................................................19

Palmer v. N.Y. State Office of Court Admin.,
    2007 U.S. Dist. LEXIS 60008 (N.D.N.Y. Aug. 13, 2007) ....................16

Parker v. Otis Elevator Co.,
    9 Fed. Appx. 615 (9th Cir. 2001)...........................................................12

Prince v. Madison Square Garden,
    427 F.Supp.2d 372 (S.D.N.Y. 2006)........................................................8

Pustilnik v. Hynes,
    1998 U.S. Dist. LEXIS 21950 (E.D.N.Y. July 21, 1989) ......................18

Ramos v. City of N.Y.,
    1997 U.S. Dist. LEXIS 10538 (S.D.N.Y. July 22, 1997) ......................12

Reddington v. Staten Island Univ. Hosp.,
    511 F.3d 126 (2d Cir. 2007)....................................................................18

Robles v. Cox and Co., Inc.,
    987 F.Supp.2d 199 (E.D.N.Y. 2013) ........................................................6

Rooney v. Tyson,
    91 N.Y.2d 685 (1998) .............................................................................19

Sklar v. N.Y. Life Ins. Co.,
    2001 U.S. Dist. LEXIS 12890 (S.D.N.Y. Aug. 23, 2001) .....................17

Smalley v. Dreyfus Corp.,
    10 N.Y.3d 55 (2008) ...............................................................................19

Stokes v. Nestle Purina Petcare Co.,
    2012 U.S. Dist. LEXIS 122927 (W.D.N.Y. Aug. 28, 2012) ..................10

Terry v. Ashcroft,
    336 F.3d 128 (2d Cir. 2003)..................................................................6

Tomasino v. St. John's Univ.,
    2010 U.S. Dist. LEXIS 99919 (E.D.N.Y. Sept. 23, 2010).......................11

Weiner v. McGraw-Hill Inc.,
    57 N.Y.2d 458, 457 N.Y.S.2d 193 (1982) ..............................................19

White v. Home Depot Inc.,
    2008 U.S. Dist. LEXIS 4294 (E.D.N.Y. Jan. 17, 2008) ..........................15

Williams v. Calderoni,
    2012 U.S. Dist. LEXIS 28723 (S.D.N.Y. Mar. 1, 2012) ............................7

Yung v. Lee,
    432 F.3d 142 (2d Cir. 2005)................................................................20

Zucker v. Five Towns College,
    2010 U.S. Dist. LEXIS 85441 (E.D.N.Y. Aug. 18, 2010)..........................7

## STATUTES

28 U.S.C. § 1367 ...............................................................................18

29 U.S.C. § 626(d) .......................................................................15, 18

42 U.S.C. Section 1981 .......................................................................21

42 U.S.C. § 2000e-3 ...........................................................................11

29 U.S.C.S. § 623(d) ..........................................................................10

29 U.S.C.S. § 631(a) ............................................................................9

N.Y. EXEC. LAW § 296(7) .....................................................................11

N.Y. EXEC. LAW § 296(f) .......................................................................9

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6)..........................................................1, 3, 7, 8, 16

## PRELIMINARY STATEMENT

This lawsuit should be dismissed for failing to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).   In support of this motion, Leviton Manufacturing Company, Inc. ("Leviton" or "Defendant") respectfully submits this memorandum of law.

Each of Plaintiff Marc Marcus's ("Marcus" or "Plaintiff") four causes of action, as pled, fails to state a claim upon which relief may be granted.  As to the First and Fourth Causes of Action for age discrimination, the Complaint fails to plead that Plaintiff is a member of a protected class of employees under either the Age Discrimination in Employment Act ("ADEA") or the New York State Human Rights Law (the "Human Rights Law").[1]  Nor is there any allegation of fact from which one can causally connect Plaintiff's termination with being in a protected class.   Neither of these causes of action are plausible on their face, or otherwise meet the minimum requirements for an acceptable complaint set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).   Plaintiff's allegations of discrimination and retaliation consist solely of the following four conclusory statements:

- "Upon information and belief the reason given [for termination] was a pretext and other individuals prior to the alleged incident with plaintiff yelled and used profanities but were not terminated or reprimanded" (Complaint, ¶15);

- "Upon information and belief, plaintiff was terminated because of his age" (Complaint, ¶17);

---

[1]      Title VII does not prohibit discrimination on the basis of age.  We assume for the purpose of this motion that Plaintiff cited the wrong statute and instead intended to allege a violation of the Age Discrimination in Employment Act ("ADEA").

- "In terminating Plaintiff, Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of age" (Complaint, ¶18); and,

- "Plaintiff complained to various individuals that Peter Kleinman was having inappropriate relations with Patricia Fellman" (Complaint, ¶25).

The Second Cause of Action for breach of contract is baseless as well.  Plaintiff himself verified in writing that his employment with Leviton was at will.  Indeed, the very Employee Handbook Plaintiff cites as the "contract" states explicitly that employment is "at will." (A copy of the relevant provision of Leviton's Employee Handbook is attached to the accompanying Affirmation of David S. Greenhaus, Esq. as Exhibit D).[2]/  Plaintiff signed a Confirmation of Receipt and Understanding showing he received and understood that his employment was at will.  (Greenhaus Aff., Exhibit E).

The Third Cause of Action for retaliation must be dismissed because Plaintiff failed to exhaust his administrative remedies by electing not to timely file a retaliation claim with the EEOC.  In his EEOC charge, which the EEOC dismissed, he did not allege retaliation or even that he engaged in protected activity.  In fact, he elected not to check the retaliation box on his EEOC claim form.  The statute of limitations for filing a retaliation claim has lapsed.  Even if Plaintiff had timely filed his EEOC retaliation claim, his retaliation claim would also fail in that, as pled, it fails to state a cause of action.

In summary, Plaintiff was terminated from an at will employment with Leviton on good grounds.  The complaint has no merit, as the EEOC concluded, and should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this motion only, Leviton accepts the factual allegations set forth in Plaintiff's Complaint as true.  (Greenhaus Aff., Exhibit A).  Leviton hired Plaintiff in or

---

[2]/      The Affirmation of David S. Greenhaus, Esq. hereinafter will be referred to as the "Greenhaus Aff."

around January 2002 as a training architect (Complaint, ¶ 8).  He later held the position of Senior Manager of Education and Training (Complaint, ¶ 8).  Leviton terminated Plaintiff's employment on or about May 22, 2014, for "yelling and using profanity" (Complaint, ¶¶ 13 and 14).

Plaintiff filed an administrative Charge with the EEOC on or about October 15, 2014 (Greenhaus Aff., Exhibit B; Complaint, ¶ 2).  In his Charge, Plaintiff alleged Leviton terminated his employment and that he was "treated differently" because of his age (Greenhaus Aff., Exhibit B).  Plaintiff checked the box for "age" discrimination on his EEOC "Notice of Charge of Discrimination;" he did not check the box indicating "retaliation," nor did he set forth any factual allegations of retaliation in his Charge (Greenhaus Aff., Exhibit B; Complaint, ¶ 2). Notably absent from the Charge is the allegation that he "complained to various individuals that Peter Kleinman was having inappropriate relations with Patricia Fellman," which he alleges in his Complaint in the instant action for the first time (Greenhaus Aff., Exhibit B).  The EEOC dismissed Plaintiff's administrative charge on December 5, 2014, stating that "the facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC" (Greenhaus Aff., Exhibit C; Complaint, ¶ 3).

Plaintiff subsequently filed a Complaint with this Court on or around February 10, 2015, which is the subject of this motion.

## ARGUMENT

## POINT I

## STANDARD OF REVIEW

In analyzing the sufficiency of Plaintiff's Complaint under a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, this Court must be guided by the Supreme Court's opinions in Bell Atlantic Corp. v. Twombly, 550 U.S.

554 (2007) and Ascroft v. Iqbal, 129 S.Ct. 1937 (2009).  These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts," and apply to the pleading of Plaintiff's discrimination, retaliation and breach of contract claims.  Iqbal, 192 S.Ct. at 1953.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, when accepted as true, "state a claim that is plausible on its face." Twombly, 550 U.S. at 570.  To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 192 S. Ct. at 1949.  When considering whether a complaint is plausible on its face, a court first must ferret out and disregard all legal conclusions, labels, formulaic recitations of elements, and conclusory statements.  Id. at 1950; Twombly, 550 U.S. at 55.  Then, it must determine whether the remaining factual allegations, if taken as true, set forth facts sufficient to allege each element of a claim, and establish a plausible claim for relief.  Iqbal, 192 S.Ct. at 1950.  If the remaining factual allegations create no more than speculation that defendant acted unlawfully, then the motion to dismiss should be granted.  Id.; Twombly, 550 U.S. at 555. Determining whether a complaint contains sufficient facts to state a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  Iqbal, 192 S. Ct. at 1950.  The Iqbal plausibility standard applies in conjunction with employment discrimination pleading standards.  See Drew v. Plaza Construction Corp., 2010 U.S. Dist. LEXIS 8699 (S.D.N.Y. Jan. 28, 2010).

Here, Plaintiff has alleged no set of facts upon which his claims for discrimination, retaliation or breach of contract are plausible.  Plaintiff has included within his Complaint the legal conclusions and formulaic recitations found insufficient in Twombly and

Iqbal, including references to "discrimination," "pretext" and "retaliation," without any supporting factual content.  Therefore, the Court should dismiss his Complaint in its entirety.

## POINT II

### THE COURT SHOULD DISMISS THE FIRST AND FOURTH CAUSES OF ACTION FOR AGE DISCRIMINATION AND THE THIRD CAUSE OF ACTION FOR RETALIATION BECAUSE THEY FAIL TO SATISFY IQBAL AND TWOMBLY

Plaintiff alleges in his First and Fourth Causes of Action that Leviton terminated his employment because of his age in violation of the ADEA and the Human Rights Law. Plaintiff additionally alleges in his Third Cause of Action that Leviton terminated his employment in retaliation for his complaint that two of his co-workers were engaged in an "inappropriate" relationship.   These claims do not satisfy the legal standard set forth in Twombly, 550 U.S. at 555-56 and Iqbal, 129 S. Ct. at 1949-51 – requiring a complaint to set forth factual assertions demonstrating a right to relief that is plausible on its face -- and therefore, should be dismissed.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not survive."  Twombly at 555.  Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."  Iqbal at 1949.

"Although a plaintiff need not plead facts to establish a *prima facie* case of employment discrimination in order to survive a motion to dismiss," courts nevertheless "consider the elements of a *prima facie* case in determining whether there is sufficient factual matter in the Complaint which, if true, give[s] [the] [d]efendant[] fair notice of [the] [p]laintiff['s] employment discrimination claims and the grounds on which such claims rest." Holmes v. Air Line Pilots Ass'n, Int'l, 745 F. Supp. 2d 176, 195 (E.D.N.Y. 2010).

### A.    The Allegations In The Complaint Fail To State A Claim For Age Discrimination

To state a *prima facie* case of age discrimination under the ADEA, a plaintiff must allege that: "1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003); Robles v. Cox and Co., Inc., 987 F.Supp.2d 199 (E.D.N.Y. 2013) citing Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001)(claims brought under the ADEA and the Human Rights Law are analyzed under the same standard).

### 1.    Plaintiff's Allegations That Leviton Terminated His Employment Because Of His Age Are Formulaic And Conclusory And Should Be Dismissed

Plaintiff offers not a scintilla of factual evidence that, taken independently or as a whole, would allow a reasonable fact finder plausibly to infer Leviton treated him differently because of his age, or that Leviton terminated his employment because of his age.  Plaintiff alleges only that: (1) "the reason given for [his] termination was 'yelling and using 'profanity'" (Complaint, ¶ 14); (2) "upon information and belief the reason given was a pretext and other individuals prior to the alleged incident with plaintiff yelled and used profanities but were not terminated or even reprimanded" (Complaint, ¶ 15); (3) "upon information and belief, Plaintiff was terminated because of his age" (Complaint, ¶ 17); and (4) "in terminating Plaintiff, Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of age" (Complaint, ¶ 18).  Plaintiff does not identify any age-related comments made by Leviton employees or supervisors.  He does not allege, with any specificity, similarly-situated employees who were treated better than him.  He does not deny he yelled or used profanity.  Plaintiff fails to

even identify his age.  He simply asserts, upon information and belief, that Leviton terminated his employment "because of his age" (Complaint, ¶17).

A plaintiff's ultimate burden under the ADEA is to prove that age was the "but-for" cause of the employer's adverse action. <u>Gross v. FBL Fin'l Servs., Inc.</u>, 557 U.S. 167, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009). He need not plead but-for causation, but an ADEA complaint must "contain sufficient facts to make plausible the conclusion that 'but for' [his] age, Plaintiff[] would still be employed." <u>Fagan v. U.S. Carpet Installation, Inc.</u>, 770 F. Supp. 2d 490 (E.D.N.Y. 2011).

Courts in this Circuit have not hesitated to dismiss complaints under Fed. R. Civ. P. 12 where a plaintiff's discrimination allegations wholly are conclusory.  <u>See</u> <u>e.g.</u> <u>Zucker v. Five Towns College</u>, 2010 U.S. Dist. LEXIS 85441 (E.D.N.Y. Aug. 18, 2010).  In <u>Zucker</u>, the court dismissed a claim of age discrimination brought pursuant to the ADEA and the Human Rights Law where the plaintiff pled only that his work performance was satisfactory; that he was replaced by a younger person; and, that he was subjected to unjustified criticism. The Court noted:

> Given that employment decisions involve "subjective, individualized assessment," [defendant] could have had dozens of possible reasons for terminating [plaintiff], and for choosing a particular replacement.  So, without actual fact suggesting discriminatory animus, age discrimination is just one "possibility" for the [defendant's] actions.  And consequently, allegations that [plaintiff] performed his job satisfactory, and that the [defendant] then fired him and replaced him with someone younger, by themselves, fail to raise [plaintiff's] "right to relief above a speculative level."

<u>Id</u>. at *5 (<u>citing</u> <u>Iqbal</u>, 129 S.Ct. at 1949).  Plaintiff here has alleged even less than what was alleged in <u>Zucker</u>.  Plaintiff alleges only that his employment was terminated because of his age and that Leviton's stated reason for his termination was pretextual.  In fact, Plaintiff has offered

his allegation that he was terminated because of his age "upon information and belief" only (Complaint, ¶ 17).[3]/  Plaintiff alleges no facts that suggest, plausibly or otherwise, that Leviton made any employment-related decisions <u>because</u> of age.  <u>See Holowecki v. Fed. Express Corp.</u>, 644 F.Supp.2d 338, 355 (S.D.N.Y. 2009)("bald assertion" that plaintiff was oldest courier in station was insufficient to give rise to inference of age discrimination").

Nor is Plaintiff able to establish an inference of discriminatory intent by including allegations that Leviton treated similarly situated employees not in the protected group more favorably.  <u>Abdu-Brisson</u>, 239 F.3d at 468.  Plaintiff's failure to identify any similarly situated employee under the age of 40, or otherwise younger than him, whom Leviton treated more favorably is fatal to his claim, even at the pleadings stage.   <u>See Gorokhovsky v. City of New York</u>, 2011 U.S. Dist. LEXIS 54941 at *20 (S.D.N.Y. May 19, 2011) (dismissing discriminatory failure-to-promote claim based on age and national origin because, "[w]hile employees' exact ages and national origins may be peculiarly within the possession of the employer, [p]laintiff does not identify any individuals promoted in his stead or  provide any basis for his belief that those hired were younger or non-minority . . . or [present] any other facts that would imply he was denied the promotions on account of his age or ancestry.  Plaintiff's mere belief is

---

[3]/      While a plaintiff may plead facts alleged upon information and belief "where the belief is based on factual information that makes the inference of culpability plausible," such allegations must be "accompanied by a statement of the facts upon which the belief is founded."  <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 120 (2d Cir. 2010); <u>see also</u> <u>Williams v. Calderoni</u>, 2012 U.S. Dist. LEXIS 28723 (S.D.N.Y. Mar. 1, 2012)(pleading based upon information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions); <u>Prince v. Madison Square Garden</u>, 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006).  Here, the only allegation that supports Plaintiff's claim of age discrimination is his conclusory assertion that: "[u]pon information and belief, Plaintiff was terminated because of his age" (Complaint, ¶ 17).  Plaintiff asserts no facts upon which such a belief could be based.  Such formulaic, conclusory assertions are the type specifically contemplated by and held to be insufficient by <u>Iqbal</u>, <u>Twombly</u> and their progeny.  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557)("A complaint that tenders naked assertions devoid of further factual enhancement will not survive a motion to dismiss under Rule 12(b)(6)").

insufficient without specific factual allegations to enable the Court to evaluate his information and belief assertions").

Plaintiff alleges only that other unidentified individuals were not terminated or reprimanded for engaging in conduct similar to Plaintiff (Complaint, ¶ 15).  Critically, however, Plaintiff fails to identify those individuals with any specificity whatsoever, or even allege that they were younger than him.  Plaintiff's Complaint therefore fails to state a plausible claim for relief under either the ADEA or the Human Rights Law and must be dismissed pursuant to Iqbal and Twombly.

### 2. Plaintiff Fails To Allege That He Is A Member Of the Class Of Employees Protected By The ADEA Or The Human Rights Law

The ADEA's protections and prohibitions are "limited to individuals who are at least 40 years of age."  See 29 U.S.C.S. § 631(a).  The Human Rights Law prohibits discrimination against individuals who are at least eighteen (18) years of age.  See N.Y. EXEC. LAW § 296(f).  Plaintiff's Complaint fails to allege that he is a member of the class of employees protected by either statute.  Nowhere in Plaintiff's Complaint does he allege that he is over either 18 or 40 years of age.  The Court therefore must dismiss Plaintiff's Complaint.  See Doroz v. Columbia Place Assocs. LLC, 2014 U.S. Dist. LEXIS 153128, at *8-9 (N.D.N.Y Oct. 29, 2014)(dismissing Plaintiff's claims brought pursuant to the ADEA where Plaintiff failed to identify his age in the Complaint).

### B. The Allegations In The Complaint Also Fails To Plausibly State A Claim For Retaliation

To establish a claim of retaliation under the ADEA or the Human Rights Law, Plaintiff must "show [i] participation in a protected activity; [ii] that the defendant knew of the protected activity; [iii] an adverse employment action; and [iv] a causal connection between the

protected activity and the adverse employment action." <u>Bucalo v. Shelter Island Union Free Sch.</u>
<u>Dist.</u>, 691 F.3d 119, 129 (2d Cir. 2012).

In his Complaint, Plaintiff fails to plausibly plead that: (1) he participated in
protected activity; (2) Leviton was aware of the protected activity; or, (3) a causal connection
exists between the protected activity and the adverse employment action.

### 1.    <u>Plaintiff Fails To Plead He Engaged In Protected Activity.</u>

As stated above, a pleading that offers "labels and conclusions" or "a formulaic
recitation of the elements of a cause of action will not survive." <u>Twombly</u> at 555.  Nor does a
complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." <u>Iqbal</u>
at 1949.  Here, Plaintiff's conclusory allegation that he "complained to various individuals"
about an "inappropriate relationship" between two co-workers is the type of "naked assertion"
that fails to put Leviton on notice of a plausible retaliation claim.

#### a. Plaintiff Fails To Plead He Engaged In Protected Activity
Under The ADEA

The ADEA prohibits employers from discriminating "against any...employee...
because such [employee]...has opposed any practice made unlawful by this section, or because
such [employee]...has made a charge, testified, assisted, or participated in any manner in an
investigation, proceeding, or litigation under this Act." 29 U.S.C.S. § 623(d); <u>see also</u> <u>Kassner v.</u>
<u>2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 241 (2d Cir. 2007).

The only activity protected under the ADEA would be either Plaintiff's
complaints about age discrimination, or Plaintiff's participation in a proceeding under the ADEA
– <u>not</u> complaints relating to an alleged "inappropriate relationship" between two co-workers.
<u>See</u> <u>Garay v. Novartis Pharms., Corp.</u>, 2013 U.S. Dist. LEXIS 125551 (E.D.N.Y. Sept. 3,
2013)(dismissing plaintiff's ADEA retaliation claims because plaintiff's complaints to

management were unrelated to age discrimination and therefore did not constitute protected activity under the ADEA); Stokes v. Nestle Purina Petcare Co., 2012 U.S. Dist. LEXIS 122927 (W.D.N.Y. Aug. 28, 2012) (dismissing an ADEA retaliation claim because the plaintiff did not assert that she "complained to any supervisor or took any action at any time in opposition to perceived age discrimination," but instead complained generally about being harassed by a supervisor).

Since Plaintiff's alleged complaint in the instant case was unrelated to his age, Plaintiff's ADEA retaliation claim should be dismissed as a matter of law.

### b. Plaintiff Fails To Plead He Engaged In Protected Activity Under Title VII Or The Human Rights Law

Although Plaintiff's Complaint is confusing, even assuming he has articulated a retaliation claim under either Title VII or the Human Rights Law, the Court must dismiss such a claim. Title VII and the Human Rights Law similarly prohibit employers from retaliating against employees because the employee opposed any practices forbidden under Title VII or the Human Rights Law, or because the employee has filed a complaint, testified or assisted in any proceeding under either statute.[4]/ See N.Y. EXEC. LAW § 296(7); 42 U.S.C. § 2000e-3; see also Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (plaintiff's retaliation claims under the Human Rights Law "are analyzed pursuant to Title VII principles").

Although "informal protests of discriminatory employment practices, including making complaints to management" constitute protected activity, "[t]he onus is on the speaker to clarify to the employer that he is complaining of unfair treatment due to his membership in a protected class and that he is not complaining merely of unfair treatment generally." Garay v.

---

[4]/     While Plaintiff does not explicitly cite Title VII in connection with his retaliation claim, for the purpose of this motion only, Leviton will analyze Plaintiff's claim under Title VII as well despite the fact that he has not exhausted his administrative remedies under Title VII.

Novartis Pharms., Corp., 2013 U.S. Dist. LEXIS 125551 citing Aspilaire v. Wyeth Pharms., Inc., 612 F. Supp. 2d 289, 308-09 (S.D.N.Y. 2009).  "[A] complaint is not protected activity unless it puts the employer on notice that the employee is protesting unlawful discrimination." Tomasino v. St. John's Univ., 2010 U.S. Dist. LEXIS 99919, (E.D.N.Y. Sept. 23, 2010), aff'd, 476 F. App'x 923 (2d Cir. 2012); see also Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 594 (2d Cir. 1988) (holding that a complaint directed at conduct outside the definition of unlawful employment practice under Title VII cannot support a claim for retaliation). As one district court has observed, "[u]nfair treatment . . . is not actionable under the civil rights laws and a complaint about it does not constitute protected activity. To be actionable, the unfair treatment must be due to one's membership in a protected class and the complaint must make that point sufficiently clear." Ramos v. City of N.Y., 1997 U.S. Dist. LEXIS 10538, (S.D.N.Y. July 22, 1997).

In the instant case, Plaintiff's purported complaint "to various individuals that Peter Kleinman was having inappropriate relations with Patricia Fellman" does not constitute protected activity because Leviton could not possibly have understood such a statement, even if made, to be an assertion of rights under the Human Rights Law or Title VII.  See McNamara v. AP, 40 F. Supp. 3d 345 (S.D.N.Y. 2014)("complaints that do not alert the employer of an employee's assertion of rights under the ADEA and the Human Rights Law are not protected under the anti-retaliation provisions of the ADEA or corresponding state laws").

While the Human Rights Law and Title VII do prohibit gender and/or sex discrimination, Plaintiff's purported complaint about "inappropriate relations" does not allege or otherwise put Leviton on notice that Plaintiff believed he was being discriminated against on account of his gender or sex.   Nor is the purported complaint sufficient to implicate

12

discriminatory or harassing conduct of any sort. See Parker v. Otis Elevator Co., 9 Fed. Appx. 615 (9th Cir. 2001)(holding plaintiff's complaint regarding a romantic relationship between one of his co-workers and his supervisor was not protected activity for the purpose of establishing a claim of retaliation under Title VII); Moberly v. Midcontinent Commun., 711 F. Supp. 2d 1028 (D.S.D. 2010)(holding that "there is no evidence that in reporting [a] rumored relationship [between two co-workers] to [her supervisor], [Plaintiff] opposed conduct that she reasonably and in good faith believed was in violation of Title VII").

Accordingly, the Court must dismiss Plaintiff's Human Rights Law (and theoretical Title VII) retaliation claim, like his ADEA retaliation claim, because Plaintiff fails to adequately plead that he engaged in conduct protected by either statute.

## 2.   Plaintiff Fails To Adequately Plead That Leviton Was Aware Of His Alleged Protected Activity

Assuming, *arguendo*, that Plaintiff's purported complaint constitutes protected activity under the ADEA or the Human Rights Law, which it does not, the Court still must dismiss Plaintiff's Complaint because Plaintiff has failed to adequately plead that Leviton was aware of his alleged protected activity. The sole allegation in this regard is Plaintiff's allegation that he complained to "various individuals" that two of his co-workers were having inappropriate relations (Complaint, ¶ 25). Such vague and conclusory allegations are the type specifically contemplated and deemed insufficient by Iqbal and Twombly and their progeny.

In Majeed v. ADF Cos., 2013 U.S. Dist. LEXIS 23958 (E.D.N.Y. Feb. 20, 2013), the *pro se* plaintiff claimed retaliation under the ADEA by pleading that "whenever he discussed the discriminatory measures...with his superiors...it backfired on him and continued to be retaliated in the form of accelerated discrimination and harassment" and that "senior management is well aware of the situation." In granting the defendant's motion to dismiss the

retaliation claim, the Majeed court held that the foregoing "conclusory allegations are insufficient to state a plausible claim of retaliation absent, *inter alia*, any factual detail about the alleged retaliatory acts, when they occurred and who actually engaged in the retaliation." See Id. at *38.

In the instant case, Plaintiff's allegations contain even less factual information and specificity than did the allegations in Majeed. Plaintiff provides no information identifying to whom he allegedly complained (including whether those individuals were members of management, and if not, whether management was aware of the complaints); when he made the alleged complaints; and, who specifically retaliated against him. Plaintiff's allegations lack the requisite factual detail to plausibly allege Leviton had knowledge of Plaintiff's alleged protected activity as a matter of law.

### 3.    Plaintiff Fails To Adequately Plead That A Causal Connection Exists Between His Alleged Protected Activity And His Termination

As stated above, to state a *prima facie* case of retaliation, Plaintiff must plead a causal connection exists between his alleged protected activity (his complaints regarding an inappropriate relationship between two of his coworkers) and the alleged adverse action (his termination).

Plaintiff has not proffered any evidence suggesting retaliatory circumstances, or any connection whatsoever, between his complaint and the termination of his employment. Plaintiff offers no information, beyond a mere conclusory assertion that he made a complaint regarding two co-workers' "inappropriate relationship," to suggest that Leviton terminated his employment in retaliation for that alleged complaint (Complaint, ¶ 25). Plaintiff fails even in a conclusory manner to allege that his termination was in retaliation for that complaint. Such speculative and conclusory allegations are insufficient as a matter of law to survive dismissal.

See Majeed v. ADF Cos., 2013 U.S. Dist. LEXIS 23958 (E.D.N.Y. Feb. 20, 2013) ("A complaint that makes only a general conclusory statement that the defendant retaliated against the plaintiff, and that fails to provide any factual detail describing the specific acts of retaliation, when it occurred and which employee of the defendant had knowledge of the plaintiff's protected activity or actually engaged in the claimed retaliation, is insufficient to withstand a motion to dismiss"). Plaintiff's Complaint ultimately offers no basis for concluding that Leviton harbored any retaliatory animus toward him.

Accordingly, Plaintiff ADEA and NYSRHL retaliation claims should be dismissed as a matter of law.

### POINT III

### EVEN IF THE COURT FINDS PLAINTIFF PLAUSIBLY DOES ALLEGE A RETALIATION CLAIM, THE COURT NEVERTHELESS SHOULD DISMISS THE THIRD CAUSE OF ACTION  BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff was required, before asserting a retaliation claim in Federal court, to exhaust his administrative remedies by first presenting his claims to the applicable administrative agency.  See 29 U.S.C. § 626(d); White v. Home Depot Inc., 2008 U.S. Dist. LEXIS 4294 (E.D.N.Y. Jan. 17, 2008).  Exhaustion of administrative remedies is an "essential element" of the ADEA's statutory scheme and a precondition to bringing such claims in federal court.  Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001); Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

### A.   A Claim Must Be "Reasonably Related" To Claims Raised In An EEOC Charge In Order For A Plaintiff To Have Exhausted His Administrative Remedies

In the Second Circuit, a district court only has jurisdiction to hear ADEA claims that either are included in an EEOC charge or are based on conduct "reasonably related" to the

allegations contained in the EEOC charge. Holtz v. Rockefeller & Co., 258 F.3d 62 (2d Cir. 2001); Butts, 990 F.2d at 1401. In Butts, the Second Circuit identified three situations where unexhausted claims may be "reasonably related" to properly presented claims: (1) "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) where the "claim is one alleging retaliation by an employer against an employee for filing an EEOC charge;" and, (3) "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Butts, 990 F.2d at 1402-03. In determining whether a new claim is "reasonably related" to the claim asserted in a plaintiff's administrative charge, "the focus should be *on the factual allegations made in the [administrative] charge* itself, describing the discriminatory conduct about which a plaintiff is grieving." Deravin v. Kerik, 335 F.3d 195, 200-01 (2d Cir. 2003).

The second exception described in Butts is inapplicable in this situation because Leviton terminated the Plaintiff's employment prior to the filing of his EEOC charge. The third exception is inapplicable because his purported retaliation claim does not allege any further incidents of discrimination not stated in his EEOC charge. To the extent Plaintiff argues the first exception applies to his retaliation claim, it is apparent his claim of retaliation was contrived only after the EEOC dismissal. Plaintiff's retaliation claim never was presented to the EEOC and is not reasonably related to the age discrimination claim which Plaintiff asserted before the EEOC.[5]/

---

[5]/     When considering a motion to dismiss, the court may consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. American Film Technologies, Inc., 987 F.2d 142,150 (2d Cir. 1993); see also Cortec Industries, Inc. v Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991)("A finding that plaintiff had notice of documents used by defendant in a 12(b)(6) motion is significant since, as noted earlier, the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of (continued....)

**B.    Plaintiff's Cause Of Action For Retaliation is Not Reasonably Related To Any Claim Made Before The EEOC.**

In his EEOC charge, Plaintiff alleged only that Leviton terminated his employment because of his age and that Leviton failed to terminate the employment of other individuals engaging in the same conduct.  Nowhere in his EEOC charge does Plaintiff allege he engaged in protected activity or that Leviton retaliated against him for engaging in said protected activity.  In fact, Plaintiff elected not to check the retaliation box on the EEOC's "Notice of Charge of Discrimination" form (Greenhaus Aff., Exhibit B).

Plaintiff alleges, for the first time in the instant Complaint, that Leviton retaliated against him for "complain[ing] to various individuals that Peter Kleinman was having inappropriate relations with Patricia Fellman" (Complaint, ¶ 25). Plaintiff failed to include this allegation in his EEOC charge, and did not even allege he complained about age discrimination (or anything for that matter).  Plaintiff's retaliation claim therefore is not related to the age discrimination claim contained in his EEOC charge.  Sklar v. N.Y. Life Ins. Co., 2001 U.S. Dist. LEXIS 12890 (S.D.N.Y. Aug. 23, 2001)(retaliation claim dismissed for failure to exhaust administrative remedies because retaliation claim was not reasonably related to the age discrimination claim alleged in EEOC charge).  Nor can Plaintiff now ignore the irrefutable fact that his purported protected activity occurred prior to his termination and before he filed a charge

---

notice to the plaintiff that they may be so considered.").  The court also may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken, even if not included within the pleadings.  Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002).

On a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass, 987 F.2d at 150; Palmer v. N.Y. State Office of Court Admin., 2007 U.S. Dist. LEXIS 60008 at *14-15 (N.D.N.Y. Aug. 13, 2007) (on Rule 12 motion, court considered allegations in plaintiff's EEOC charges because they were referred to in complaint).  Moreover, Plaintiffs' EEOC charges and the agency's determination are both public records, of which this Court may take judicial notice. E.g., Muhammad v. N.Y. City Transit Auth., 450 F. Supp.2d 198, 204-05 (E.D.N.Y. 2006).

of discrimination with the EEOC. Plaintiff had ample opportunity to include the claim in his administrative Charge, and his failure to do so fails to satisfy the exhaustion requirement. See Pustilnik v. Hynes, 1998 U.S. Dist. LEXIS 21950 at * 17 (E.D.N.Y. July 21, 1989).[6] Accordingly, Plaintiff's Third Causes of Action for retaliation brought pursuant to the ADEA must be dismissed with prejudice.[7]

**POINT IV**

**THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

In his Complaint, Plaintiff alleges Leviton had "certain policies and practices, both in the written handbook and otherwise which taken together constitute an express agreement on the part of [Leviton], which would have awarded [Plaintiff] his continued position as senior manager of education and training" (Complaint, ¶ 21). Although confusing, when Plaintiff's allegation is unpacked, it appears he is arguing that Leviton's Employee Handbook guaranteed him employment for some period of time, perhaps indefinitely.

"Under New York law, 'employment for an indefinite or unspecified term' is presumed to be 'at will and . . . freely termina[ble] by either party at any time without cause or notice.'" Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 137 (2d Cir. 2007) (quoting Horn v. N.Y. Times, 100 N.Y.2d 85, 91, (2003)). "[A]bsent 'a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of

---

[6] In the event the court dismisses Plaintiff's federal retaliation claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state retaliation claim, even if the Court fails to dismiss it for other reasons. See Point II.B.1.b., infra; 28 U.S.C. § 1367.

[7] The ADEA requires that a charge of discrimination be filed with the EEOC within 300 days after the alleged unlawful practice occurred. See 29 U.S.C. § 626(d). Plaintiff's employment was terminated May 22, 2014 (Complaint, ¶ 13). Accordingly, Plaintiff had until March 18, 2015 to file a claim for retaliation with the EEOC.

employment, an employer's right at any time to terminate an employment at will remains unimpaired.'" Smalley v. Dreyfus Corp., 10 N.Y.3d 55, 58 (2008) (quoting Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 305 (1983)).

In the instant case, Plaintiff's Complaint does not allege that Leviton hired him for a fixed period of time. Plaintiff's employment therefore is subject to the at-will presumption. Rooney v. Tyson, 91 N.Y.2d 685, 689 (1998). Plaintiff also does not allege that a contract existed between him and Leviton for a specific term and, similarly, does not allege that Leviton made any promises, express or implied, as to the length of his employment. Plaintiff simply alleges that the at-will presumption is overcome because Leviton had "certain policies and practices, both in the written handbook and otherwise which taken together constitute an express agreement on the part of the Defendant, which would have awarded the Plaintiff…his continued position as senior manager of education and training, had the agreement been followed" (Complaint, ¶ 18).

The presumption of at-will employment can be rebutted only by proof establishing that the employee was made aware of a written policy expressly limiting the employer's right of termination and, with such knowledge, the employee justifiably and detrimentally relied on that policy. See Weiner v. McGraw-Hill Inc., 57 N.Y.2d 458, 465-66, 457 N.Y.S.2d 193, 197 (1982). Plaintiffs who attempt to meet this "explicit and difficult pleading burden" have fared poorly. E.g., De Petris v. Union Settlement Ass'n, 86 N.Y.2d 406 (1995) (plaintiff's breach of contract claim failed where he could not point to any provision limiting the employer's right to terminate his at-will employment); Bartenbach v. Board of Trustees of Nassau Library Sys., 657 N.Y.S.2d 200 (2d Dept. 1997) (in affirming employer's motion to dismiss, court held that personnel manual enumerating several reasons for dismissal,

but not limiting right to discharge an at-will employee to just and sufficient cause <u>only</u>, could not support breach of contract and detrimental reliance claims).

Here, Plaintiff fails to identify which documents or policies, other than Leviton's Employee Handbook, he believes created an alleged "total employment agreement." Contrary to Plaintiff's allegations, Leviton's Handbook makes abundantly clear that it is not a contract of employment and that Plaintiff (like all employees) was an employee at-will. (Greenhaus Aff., <u>Exhibits D and E</u>).[8]/ Leviton's Employee Handbook contains a stand-alone "at-will" policy entitled "Employment At-Will," which provides:

> It is the policy of the Company that the employment relationship be based entirely on the mutual consent of both the employer and the employee. All employees are hired on an at-will basis. This means that just as you are free to resign at any time for any reasons, the Company reserves the right to terminate your employment at any time, with or without cause and without prior notice. It is the Company's further policy that neither party should continue in the relationship if at any time it no longer proves to be mutually advantageous or satisfying. The Company does not guarantee permanent employment of any employee or employment for any specific period of time. The Company reserves the right to terminate the employment relationship at any time. Nothing in this handbook is meant to change the at-will nature of the employment relationship. No representative of the Company has the authority to make any assurances to the contrary and you should not rely on any such assurances, unless the contract or agreement is in writing and signed by an officer of the Company or his/her designee.

(Greenhaus Aff., <u>Exhibit D</u>).   Leviton's Employee Handbook additionally contains a "Confirmation of Receipt and Understanding," a copy of which was signed by Plaintiff, that also

---

[8]/     When considering a motion to dismiss, the court may consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." <u>See</u> Footnote 5, <u>supra</u>.  The Court additionally may consider "any written instrument attached to [the complaint] as an exhibit, any statements or documents incorporated in it by reference, and any document not incorporated but that is, nevertheless, 'integral' to the complaint because the complaint relies heavily upon its terms and effect." <u>Yung v. Lee</u>, 432 F.3d 142, 146 (2d Cir. 2005) (citations and internal quotations omitted).  Leviton's Employee Handbook is relied heavily upon and integral to Plaintiff's Complaint as it is the sole basis for Plaintiff's allegation that he was not an employee at-will and Leviton breached its contract with Plaintiff.

explicitly provided Plaintiff's employment was "at-will" and that the Employee Handbook did "not constitute a contract" (Greenhaus Aff., Exhibit E).

It is well settled that such an explicit disclaimer "prevents the creation of a contract and negates any protection from termination [a] plaintiff may have inferred from" other portions of the same document. Lobosco v. N.Y. Tel. Company/NYNEX, 96 N.Y.2d 312, 317 (2001); see also Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81, 88 (2d Cir. 2001) (holding that "where a sufficiently unambiguous disclaimer, conspicuously placed in the employee handbook . . . is at issue . . . the implied contract claim may be dismissed as a matter of law"); Jain v. McGraw-Hill Cos., 827 F. Supp. 2d 272, 278—79 (S.D.N.Y. 2011) (holding that a non-retaliation policy in an employee manual did not limit the employer's right to   discharge at will where the manual also included explicit disclaimers).   "An employee seeking to rely on a provision arguably creating a promise must also be held to reliance on the disclaimer." Lobosco, 96 N.Y.2d at 317.

Accordingly, the Court must dismiss Plaintiff's Second Cause of Action for breach of contract because Plaintiff was an at-will employee.[9]

---

[9]     In the jurisdiction and venue section of Plaintiff's Complaint, Plaintiff alleges that jurisdiction is based upon unlawful discrimination under Title VII and 42 U.S.C. Section 1981. In light of the various errors that appear in the Complaint (Plaintiff, for example, cites Title VII instead of the ADEA as the basis for his age discrimination claims, and asserts venue being proper in the Southern District rather than the Eastern District), Leviton assumes Plaintiff's identification of 42 U.S.C. Section 1981 also is in error.  To the extent Plaintiff intends to assert a claim under Section 1981, such a claim is inapplicable because Section 1981 prohibits discrimination in the making and enforcing of contracts based only upon race.  There does not appear to be any reasonable interpretation of the Complaint that results in the conclusion that Plaintiff is making race-based claims (nor did he allege such claims to the EEOC).  Section 1981 is inapplicable to Plaintiff's claims.

## **CONCLUSION**

For the foregoing reasons, Leviton's motion for dismissal of the Complaint should

be granted and the Complaint should be dismissed, in its entirety and with prejudice.

Dated: Melville, New York
April 23, 2015

Respectfully submitted,

JACKSON LEWIS P.C.
*Attorneys for Defendant*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By: _____
DAVID S. GREENHAUS
ALEX VILLANELLA

22

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2015, I caused a true and correct copy of the enclosed <u>Memorandum of Law In Support of Defendant's Motion For Dismissal of the Complaint</u> to be served upon Plaintiff's counsel, via Federal Express addressed to:

Joseph H. Neiman, Esq.
Attorney for Plaintiff
85 Main Street, Suite 302
Hackensack, New Jersey 07601


ALEX VILLANELLA

4841-0017-6675, v. 1