FILED
CLERK
1/6/2016 4:43 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARC MARCUS,

        Plaintiff,

  -against-

LEVITON MANUFACTURING CO., INC.,
JOHN DOE #1-5 and XYZ CORP. #1-5,

        Defendants.
------------------------------------------------------------X

**ORDER**

15-CV-656 (SJF) (GRB)

FEUERSTEIN, J.

Plaintiff, Marc Marcus ("Marcus" or "Plaintiff"), filed this action against his former employer, Leviton Manufacturing Company, Inc. ("Leviton" or "Defendant"), alleging: i) age discrimination; ii) breach of contract; iii) hostile work environment; iv) retaliation; and v) "discriminatory employment practices." [DE 26, Am. Compl., at ¶ 53]. Defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion to dismiss is granted, and the action is dismissed with prejudice.

# I. BACKGROUND

## A. *Facts*[1]

Plaintiff worked at Leviton from January 2002 through May 22, 2014, when Leviton

---

[1] In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court limits "itself to the facts alleged in the [complaint], which are accepted as true; to any documents attached to the [complaint] as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the [complaint] relies heavily and which are, thus, rendered integral to the [complaint]." *Roth v. CitiMortgage Inc.*, No. 12-cv-2446, 2013 WL 5205775, at *3 (E.D.N.Y. Sept. 11, 2013), *aff'd*, 756 F.3d 178 (2d Cir. 2014); *see also Kleinman v. Elan Corp.*, 706 F.3d 145, 147 (2d Cir. 2013).
       This Court takes judicial notice of Plaintiff's EEOC Charge of Discrimination ("EEOC Charge") and the EEOC's Notice of Charge of Discrimination that directly stems from Plaintiff's EEOC Charge referenced in his amended complaint. [DE 15-1, Greenhaus Aff., Ex. B; DE 26, Am. Compl., at ¶ 2]. The Court also takes judicial notice of Defendant's employee handbook referenced in the amended complaint. [DE 15-1, Greenhaus Aff., Ex. D; DE 26, Am. Compl., at ¶¶ 34-35].

terminated his employment. [DE 26, Am. Compl., at ¶¶ 10, 15]. He was initially hired as a training architect and later served as a senior manager of education and training. *Id.* at ¶¶ 10, 16. While employed at Leviton, Plaintiff complained "to various individuals" that two (2) employees, Peter Kleinman ("Kleinman") and Patricia Fellman ("Fellman"), were engaging in "inappropriate relations." *Id.* at ¶ 38. Plaintiff alleges that "as a result of the inappropriate relations," Fellman received "preferential treatment included [sic] but . . . not limited to being allowed inordinate amount of time off, not being accountable for her time and being placed in charge of keeping attendance." *Id.* at ¶¶ 39, 41. Plaintiff asserts that "sex was a factor in how [Fellman] was treated as an employee and how other employees who did not engage in illicit sexual behavior with Mr. Kleinman were treated worse, not only the work environment but employee reviews and evaluations were all effected [sic]." *Id.* at ¶ 41. According to Plaintiff, the "preferential treatment" was "unfair to the other employees, [P]laintiff among them." [DE 26, Am. Compl., at ¶ 40].

On May 22, 2014, Leviton terminated Plaintiff's employment. *Id.* at ¶ 15. Although "[t]he reason given for his termination was 'yelling and using profanity,'" *id.* at ¶ 17, Plaintiff claims that "in all the years [P]laintiff worked for [D]efendant, [P]laintiff never heard or witnessed anyone being terminated for using profanity [sic] yet, witnessed other employees yelling and using profanity." *Id.* at ¶ 19. He alleges that Pamela Randal ("Randal"), who was "substantially younger than [P]laintiff[,] . . . used profanity and was not terminated." *Id.* at ¶ 20; *see id.* at ¶ 22. Randal "worked under the same vice president as [P]laintiff" and "was subject to the same evaluations and standards as [P]laintiff and every other employee as all received the same employee manual." *Id.* at ¶¶ 22-23. Although Kleinman was "not . . . considerably younger than [P]laintiff," Kleinman also used profanity and was not terminated. [DE 26, Am.

2

Compl., at ¶ 20]. Plaintiff claims that "other than one time," he has "never" used profanity or yelled in the office. *Id.* at ¶ 21.

Plaintiff also claims that "over the previous three [3] years, [D]efendant was making attempts to become 'younger,'" by terminating older employees and retaining younger ones." *Id.* at ¶ 28. Plaintiff was fifty-eight (58) years old when he was terminated and claims that he was terminated "because of his age." *Id.* at ¶ 27. "Upon [his] information and belief, [P]laintiff was replaced with a younger individual" after he was terminated. *Id.* at ¶ 30.

### B. *Procedural History*

On August 23, 2014, Plaintiff filed his EEOC Charge against Defendant, alleging unlawful age discrimination. [DE 15-1, Greenhaus Aff., Ex. B]. On October 15, 2014, the EEOC issued its Notice of Charge of Discrimination (the "Notice") to Defendant, informing Defendant that Plaintiff had made an allegation of prohibited employment discrimination against it. *Id.*

On February 10, 2015, Plaintiff filed the present action. [DE 1, Compl.]. Defendant moved to dismiss the action, and Plaintiff sought leave to amend his complaint. [DE 14, Notice of Mot. to Dismiss; DE 17, Resp.]. At an October 29, 2015 status conference, the Court granted Plaintiff leave to file an amended complaint, which was filed on November 10, 2015. [DE 25, Minute Entry; DE 26, Am. Compl.]. Defendant has supplemented its outstanding motion to dismiss to address the new allegations in Plaintiff's amended complaint. [DE 28, Mem.].

## II. DISCUSSION

### A. *Standard of Review*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and although it "does not need detailed

3

factual allegations" to survive a motion to dismiss pursuant to Rule 12(b)(6), it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citation omitted); Fed. R. Civ. P. 12(b)(6). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully;" the complaint must "nudge[] . . . claims . . . across the line from conceivable to plausible." *Id.* at 678, 680 (quoting *Twombly*, 550 U.S. at 570). If the complaint tenders "'naked assertion[s]' devoid of 'further factual enhancement,'" it fails the Rule 8 pleading standard and must be dismissed. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

### B. *The Amended Complaint Lacks Sufficient Factual Allegations to Withstand Dismissal.*

#### 1. Age Discrimination

Plaintiff's first cause of action, which alleges age discrimination against Leviton, cites to only Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Title VII prohibits employment discrimination on the basis of race, color, religion, sex, and national origin; it does not prohibit age discrimination. *See Triola v. ASRC Mgmt. Servs. (ASRC MS)*, No. 10-cv-560, 2011 WL 6181731, at *4 (E.D.N.Y. Dec. 12, 2011). Plaintiff's age discrimination claim is therefore not cognizable pursuant to Title VII.

However, even if Plaintiff had raised his age discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the claim must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. An age discrimination claim pursuant to the ADEA is governed by a three (3)-step, burden-shifting framework established in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007). First, a plaintiff must establish a *prima facie* case of age discrimination by a preponderance of the evidence. *Id.* at 195. "To achieve this prima facie case, a plaintiff must show membership in the protected age group, qualifications for the jobs at issue, an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination." *Id.* (citing *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003)). To be a member of the protected age group, the plaintiff must be at least forty (40) years of age. *Id.* at 194 (citing 29 U.S.C. §§ 623(a)(1), 631(a)). Second, the burden of production shifts to the defendant to "articulate a non-discriminatory reason for the employee's rejection." *Id.* at 195. Finally, to prove an age discrimination claim, the plaintiff must "prove by a preponderance of the evidence that the defendant's explanations were pretextual." *Id.* (citation omitted).

Plaintiff, at fifty-eight (58) years old, falls within the ADEA's protected membership class. Defendant does not contest that Plaintiff was qualified for his job as a senior manager of education and training at Leviton, or that Plaintiff suffered an adverse employment action when he was terminated. Defendant argues, however, and this Court agrees, that Plaintiff has not shown that his termination "occurred under circumstances giving rise to an inference of [age] discrimination." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007).

Plaintiff alleges that although he was terminated for using profanity, the reason for his termination was a pretext for discriminating against him based upon his age. He claims that his colleagues, Randal and Kleinman, were not terminated despite using profanity, and that Randal "worked under the same vice president as [P]laintiff," "was similarly situated to [P]laintiff[,] and was subject to the same evaluations and standards as [P]laintiff and every other employee as all

5

received the same employee manual." [DE 26, Am. Compl., at ¶¶ 22-23]. Regarding Kleinman, Plaintiff states that Kleinman was "not . . . considerably younger" than Plaintiff. *Id.* at ¶ 20.

As Defendant correctly argues, Plaintiff has not identified: 1) how he and Randal are similarly situated, such as Randal's job title, term of employment, or job responsibilities; 2) the profanity that Randal allegedly used; 3) the circumstances in which she used the profanity; or 4) whether Leviton's management had any knowledge of Randal's alleged use of profanity. [DE 28, Mem., at 3]. Although Plaintiff asserts that Defendant has been "terminating older employees and keeping younger ones" over the past three (3) years, he has not provided factual support for the allegation, such as the ages of the older employees, the reasons for their termination, and whether they were similarly situated to him. Plaintiff's final allegation that "[u]pon information and belief," he was replaced by a younger employee, is equally unsupported by fact. Plaintiff has not provided information regarding the circumstances in which the new employee was hired, the new employee's job responsibilities, the new employee's age, and whether the new employee is similarly situated to him.

Plaintiff's allegations do not include sufficient factual content for the Court to draw the reasonable inference that Defendant is liable for discriminating against Plaintiff based upon his age. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The present allegations of age discrimination are speculative and do not "nudge[] . . . [the] claim[] . . . across the line from conceivable to plausible." *Id.* at 678, 680 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); *see Zucker v. Five Towns College*, No. 09-cv-4884, 2010 WL 3310698, at *2 (E.D.N.Y. Aug. 18, 2010) (quoting *Twombly*, 550 U.S. at 555) (concluding that an employer may have "dozens of possible reasons" for terminating plaintiff's employment and for choosing a new replacement, and that

"without actual *facts* suggesting [a] discriminatory animus, . . . allegations that [plaintiff] performed his job satisfactory [sic], and that the [employer] then fired him and replaced him with someone younger, by themselves, fails to raise his 'right to relief above [a] speculative level'"). Based upon Plaintiff's allegations, the Court cannot conclude that "but for" Plaintiff's age, he would still be employed at Leviton. *See Fagan v. U.S. Carpet Installation, Inc.*, 770 F. Supp. 2d 490, 495 (E.D.N.Y. Mar. 10, 2011) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009) (holding that "plaintiff retains the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action")). As a result, Plaintiff has not established a *prima facie* case of age discrimination, and the claim must be dismissed.

### 2. Breach of Contract

In support of his breach of contract claim, Plaintiff alleges that "Defendant had certain policies and practices, both in the written handbook and otherwise [sic] which taken together constitute an express agreement" between him and Leviton, and that Leviton breached their so-called employment contract when it terminated him. [DE 26, Am. Compl., at ¶ 34]. Defendant responds that pursuant to its employee handbook, Plaintiff's employment (as well as those of other Leviton employees) was at will, and not for a definite, fixed term. [DE 16, Mem., at 20]. The employee handbook provides that:

> All employees are hired on an at-will [sic] basis. This means that just as you are free to resign at any time for any reasons, the Company reserves the right to terminate your employment at any time, with or without cause and without prior notice. . . . The Company does not guarantee permanent employment of any employee or employment for any specific period of time. The Company reserves the right to terminate the employment relationship at any time. Nothing in this handbook is meant to change the at-will [sic] nature of the employment relationship.

[DE 15-1, Greenhaus Aff., Ex. D]. Pursuant to New York law, "'employment for an indefinite or unspecified term' is presumed to be 'at will and [is] freely termina[ble] by either party at any time without cause or notice.'" *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 137 (2d Cir. 2007) (quoting *Horn v. N.Y. Times*, 100 N.Y.2d 85, 91, 760 N.Y.S.2d 378, 380, 790 N.E.2d 753, 755 (2003)). The presumption of at will employment is inapplicable only if the employer and employee are parties to an "agreement establishing a fixed duration." *Id.* (quoting *In re De Petris v. Union Settlement Ass'n*, 86 N.Y.2d 406, 410, 633 N.Y.S.2d 274, 276, 657 N.E.2d 269, 271 (1995)).

Plaintiff's at will employment, as specified in Defendant's employee handbook, was "freely terminable" by Defendant at any time and for any reason, and Defendant did not breach its employment contract by terminating Plaintiff. *Id.* (quoting *Horn*, 100 N.Y.2d at 91). Plaintiff has not presented any factual allegations that may "give rise to an understandable and reasonably cognizable duration of employment so as to overcome New York law's presumption of employment at will." *Id.* (citing *Baron v. Port Auth. of N.Y. & N.J.*, 271 F.3d 81, 85 (2d Cir. 2001)). Plaintiff's breach of contract claim must therefore be dismissed.

### 3. Hostile Work Environment

Plaintiff claims that he was subjected to a hostile work environment pursuant to Title VII and the New York State Human Rights Law, N.Y. Executive Law § 296 *et seq.* ("NYSHRL"), when he, along with other employees, was "treated worse, not only [in] the work environment[,] but employee reviews and evaluations were all effected [sic]," as a result of Kleinman and Fellman's personal relationship.[2] [DE 26, Am. Compl., at ¶ 41]. To plead a hostile work

---

[2] To the extent that Plaintiff seeks to advance a Title VII sex discrimination claim in conjunction with his hostile work environment claim, Plaintiff has failed to exhaust his administrative remedies, as he did not allege sex discrimination in his EEOC Charge. *See* DE 15-1, Greenhaus Aff., Ex. B. The Title VII sex discrimination claim must therefore be dismissed. *See Dudley v. N.Y. City Housing Auth.*, No. 13-cv-722, 2013 WL 816224, at *1-2

8

environment claim, a plaintiff must advance facts showing "that the complained of conduct: (1) is objectively severe or pervasive—that is . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*, No. 11-cv-5035, 2012 WL 3241402, at \*6 (E.D.N.Y. Aug. 3, 2012) (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)). "Sex," as required by the third prong, "logically could only refer to membership in a class delineated by gender, rather than sexual activity regardless of gender. . . . The proscribed differentiation under Title VII . . . must be a distinction based on a person's sex, not on his or her sexual affiliations." *Id.* (quoting *DeCintio v. Westchester Cnty. Med. Ctr.*, 807 F.2d 304, 306-07 (2d Cir. 1986) (defining "sex" pursuant to Title VII)); *see id.* at \*5 (noting that the standards for evaluating hostile work environment claims pursuant to Title VII and the NYSHRL are identical). The three (3) prongs of the test are deemed the objective, subjective, and prohibited causal factor requirements, respectively. *Kelly,* 2012 WL 3241402, at \*6 (citing *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

"[I]t is well-settled that favoritism of an employee based upon a consensual romantic relationship, frequently referred to as 'the paramour preference', is not actionable under Title VII or the NYSHRL as a form of gender discrimination." *Id.* at \*7 (quoting *DeCintio*, 807 F.2d at 308 (holding that plaintiffs "were not prejudiced because of their status as males; rather, they were discriminated against because [the supervisor] preferred his paramour[, and the male plaintiffs] faced exactly the same predicament as that faced by any woman applicant.")). A

---

(E.D.N.Y. Mar. 5, 2013) (internal quotations and citations omitted) (holding that exhaustion of administrative remedies by filing suit with the EEOC is a prerequisite to bringing a Title VII action on the same claim in federal court).

9

plaintiff advancing a hostile work environment claim must "allege far more than that a supervisor engaged in an isolated workplace sexual affair and accorded special benefits to a sexual partner." *Id.* at *11 (internal quotation marks and citation omitted). Even if the plaintiff "may have been subjected to a hostile and abusive environment because she opposed the [sexual relationship] and the Defendants' preferential treatment of [a colleague], th[o]se allegations of hostility are 'grounded in workplace dynamics unrelated to her sex'" and are insufficient to state a sex-based hostile work environment claim. *Id.* at *12 (quoting *Brown*, 257 F.3d at 256).

Plaintiff alleges only that Fellman received preferential treatment through her personal relationship with Kleinman, and that Plaintiff and other Leviton employees suffered in employee reviews and evaluations as a result thereof. Plaintiff: 1) has not provided facts indicating that Fellman's preferential treatment was objectively severe or pervasive such that a reasonable person would have found Leviton's workplace to be hostile or abusive; and 2) has not shown that Fellman's preferential treatment was "because of" Plaintiff's sex, rather than her personal relationship with Kleinman. *Id.* at *6. "Simply because the challenged conduct in this case—principally, the alleged office romance[]—'touched on matters of sexuality,' does not mean that the conduct constituted a form of sex discrimination." *Id.* at *9 (quoting *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 518 (S.D.N.Y. 2010)). Plaintiff has failed to adequately state a hostile work environment claim, and the claim must be dismissed.

### 4. Retaliation

Plaintiff's claim of retaliation pursuant to Title VII and the NYSHRL is also subject to dismissal.[3] Plaintiff alleges that he was terminated as a "direct result" of his complaints to

---

[3] Regarding his Title VII retaliation claim, Plaintiff has failed to exhaust his administrative remedies, as he did not allege retaliation in his EEOC Charge. *See* DE 15-1, Greenhaus Aff., Ex. B. The Title VII retaliation claim must therefore be dismissed. *See Dudley v. N.Y. City Housing Auth.*, No. 13-cv-722, 2013 WL 816224, at *1-2 (E.D.N.Y.

10

"various individuals in management" about Fellman and Kleinman's personal relationship and Fellman's derivative preferential treatment. [DE 26, Am. Compl., at ¶¶ 45, 49-50].

A retaliation claim pursuant to Title VII and the NYSHRL requires a plaintiff to demonstrate: "(1) that she was engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that she suffered [an] adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." *Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*, No. 11-cv-5035, 2012 WL 3241402, at *12 (E.D.N.Y. Aug. 3, 2012) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev't Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)); *see id.* at *5 (noting standards for Title VII and NYSHRL retaliation claims are identical) (citations omitted). A "protected activity" is defined as: 1) an "action taken to protest or oppose statutorily prohibited discrimination;" or 2) "even when the underlying conduct complained of was not in fact unlawful," the plaintiff "establish[ing] that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law." *Kelly*, 2012 WL 3241402, at *12 (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000), *superseded by statute on other grounds by* N.Y.C. Local L. No. 85, and *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002)); *see also Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013) (discussing how N.Y.C. Local L. No. 85 amended the New York *City* Human Rights Law to require an independent analysis distinct from its federal and state counterparts).

To be defined as a "protected activity" pursuant to Title VII and the NYSHRL, Plaintiff's complaints must have been founded upon a "good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law." *See Kelly*, 2012 WL 3241402, at *12

---

Mar. 5, 2013) (internal quotations and citations omitted) (holding that exhaustion of administrative remedies by filing suit with the EEOC is a prerequisite to bringing a Title VII action on the same claim in federal court).

11

(quoting *Treglia*, 313 F.3d at 719). "The reasonableness of [Plaintiff's] belief is to be assessed in light of the totality of the circumstances." *Id.* (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)). Plaintiff's "[m]ere subjective good faith belief is insufficient," and instead, his belief "must be reasonable and characterized by *objective* good faith." *Id.* at *13 (quoting *Sullivan-Weaver v. N.Y. Power Auth.*, 114 F. Supp. 2d 240, 243 (S.D.N.Y. 2000)).

Plaintiff has not alleged any facts to indicate that "a legally unsophisticated employee would have a good faith, *reasonable* belief that complaints about the Defendant['s] preferential treatment of [Fellman] constituted discrimination based on gender." *Id.* (emphasis added). Plaintiff's complaints that Fellman and Kleinman's personal relationship negatively impacted the company "as a whole" were gender-neutral complaints and are insufficient to constitute a "protected activity," as he has not demonstrated a good faith, reasonable belief that Defendant's actions were based upon his sex. *Id.* at *13-14 (citing *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 520 (S.D.N.Y. 2010)). In light of Plaintiff's failure to establish the first element required for a retaliation claim, or that his actions constituted a "protected activity," an analysis of the remaining elements of the claim are unnecessary. Plaintiff has failed to state a retaliation claim pursuant to Title VII or the NYSHRL, and the claim must be dismissed.

### 5. Discrimination

Plaintiff's final claim that Defendant engaged in "discriminatory employment practices" against him in violation of the NYSHRL alleges that "[a]s a direct and proximate result of defendant's discriminatory employment practices, plaintiff has suffered irreparable harm . . . ." [DE 26, Am. Compl., at ¶¶ 52-54]. Plaintiff does not specify the nature of the alleged

discrimination (*e.g.*, sex discrimination or age discrimination) that Defendant committed against him.

> The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice:
>
> (a) For an employer . . . , because of an individual's *age*, race, creed, color, national origin, sexual orientation, military status, *sex*, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or *to bar or to discharge from employment such individual* or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.
> . . .
> (e) For any employer . . . to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or *because he or she has filed a complaint*, testified or assisted in any proceeding under this article.

N.Y. Executive Law §§ 296(a) and (e) (emphasis added). As discussed above, Plaintiff has not shown that Defendant discriminated against him on account of his age, sex, or any other protected characteristic, or that Defendant retaliated against him by terminating his at will employment. Plaintiff has thus failed to state a claim that Defendant engaged in any type of unlawful discriminatory practice against him in violation of the NYSHRL.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted, the action is dismissed with prejudice.

**SO ORDERED.**

                                             s/ Sandra J. Feuerstein
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: January 6, 2016
       Central Islip, New York